IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:05CR42-01

MICHAEL A. MORGAN,

    Defendant.

## REPORT AND RECOMMENDATION THAT MOTION TO SUPPRESS 911 CALLS BE DETERMINED BY TRIAL COURT AT TRIAL

### I. Introduction.

A.    Background.

Defendant is one of five defendants in a twelve count indictment alleging offenses related to distribution of cocaine base.

B.    The Motion.

Motion to Suppress 911 Calls.[1]

C.    Recommendation.

I recommend the Motion to Suppress 911 Calls be determined by the Trial Court at trial because it is an evidentiary issue.

### II. Findings of Fact

Neither party introduced any testimony or other evidence in support of or in opposition to the motion.

---

[1] Doc. No. 45.

III. The Motion

    A.    Contentions of the Parties.

Defendant contends that the calls to 911 by Ms. Daniels and Mr. Taylor relating to an alleged shooting may not be introduced into evidence because:

    1)    the recording does not disclose when the calls were made;

    2)    the content to Ms. Daniels' call does not affirm a shooting occurred;

    3)    Ms. Daniels' call makes no connection between the alleged shooting and defendant;

    4)    introduction of the call will be more prejudicial than probative.

The Government contends it is entitled to introduce the 911 calls because Defendant admitted he shot at Mr. Taylor and the shooting occurred during the period of the conspiracy alleged in the indictment.

At the hearing the Government advised it would not attempt to introduce the 911 call of Ms. Daniels. The Government further indicated it would not introduce the 911 call of Mr. Taylor unless Defendant attacked Mr. Taylor's credibility on the issue of the alleged shooting on cross-examination. Rather, the Government would rely on Mr. Taylor's direct testimony.

    B.    The Standards.

Fed. R. Evid. 803 governs whether evidence is admissible as an exception to the hearsay rule.

    C.    Discussions.

Whether the 911 tape of Mr. Taylor's call is admissible as the Government intends to use it is a question of evidence. Questions of evidence are determined by the Trial Court at trial.

2

D. <u>Recommendation</u>.

I recommend the Motion to Suppress 911 Calls be determined by the Trial Court at trial because it is an evidentiary issue.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 16, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE