IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Criminal Action No. 5:05CR42-01

MICHAEL A. MORGAN,

    Defendant.

**REPORT AND RECOMMENDATION THAT
MOTION TO SUPPRESS STATEMENTS OF DEFENDANT BE DENIED**

I. Introduction

    A.    Background.

Defendant is one of five defendants in a twelve count indictment alleging offenses related to distribution of cocaine base.

    B.    The Motion.

Motion to Suppress Statements of Defendant.[1]

    C.    Recommendation.

I recommend that the Motion to Suppress Statements of Defendant be DENIED because the statements were voluntarily made after Defendant was advised of his Miranda rights.

II. Findings of Fact

On September 15, 2005, law enforcement officers went to Apt. 2, 21 - 7th Street, Wheeling, West Virginia, the premises leased to Misty Johnson, to execute an arrest warrant for Defendant.

---

[1] Doc. No. 46.

Ms. Johnson answered the door. Cpl. Miller asked Ms. Johnson to call Defendant to the front door, which she did. Defendant came to the front door. Cpl. Miller arrested and cuffed Defendant and advised Defendant of his Miranda rights. Cpl. Miller asked Defendant if there were any drugs or weapons in the premises. Defendant advised there was a .22 pistol in the residence which was owned by Charles Johnson. Defendant was taken to a patrol car and placed in the back seat. Defendant gave statements to Lt. Gaus while seated in the cruiser. Defendant states he shot at Taylor. Defendant discussed Kevin Burch. Defendant acknowledged his nicknames were Steve and Red. Defendant also stated he knew he would be arrested because he had stayed in Wheeling too long.

### III. The Motion

A. Contentions of the Parties.

Defendant contends he was not advised in writing of his Miranda rights and Defendant's statements were not voluntary.

The Government concedes Defendant was in custody but avers that Miranda warnings need not be given in writing. The Government contends all Defendant's statements were voluntary and made after Defendant was orally advised of his Miranda rights.

B. The Standards.

1) Miranda Warnings. Miranda warnings are required when a Defendant in custody is interrogated. Miranda v. Arizona, 384 U.S. 436 (1966).

2) Statements following Miranda Warnings. A statement following a Miranda warning will rarely be deemed involuntary. Dickerson v. United States, 530 U.S. 428, 444.

3) <u>Voluntariness of Statements</u>. The crucial inquiry is whether Defendant's will has been overborne or his capacity for self-determination is critically impaired. <u>United States v. Pelton</u> 835 F. 2d 1067, 1071-72 (4th Cir. 1987).

C. <u>Discussion</u>. The only evidence is Defendant was orally advised of his <u>Miranda</u> rights and that he understood them. The only evidence is that Defendant voluntarily made the statements and was not coerced in any way.

D. <u>Recommendation</u>. I recommend that the Motion to Suppress Statements of Defendant be DENIED because the statements were voluntarily made after Defendant was advised of his <u>Miranda</u> rights.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 16, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE