IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:05CR42-01
                                                    (STAMP)

MICHAEL A. MORGAN,

    Defendant.

## SENTENCING MEMORANDUM AND OPINION

### I. Background

On February 2, 2006, the defendant, Michael A. Morgan ("Mr. Morgan"), was convicted by the jury at trial on Counts One, Two, Three, Five and Thirteen of the superseding indictment in this case. Mr. Morgan appeared for his sentencing hearing on May 25, 2006. After calculating the defendant's Guideline sentence for each count, this Court varied from a Guideline sentence with regard to Counts One, Two, Three and Five.[1] Although this Court provided a basis for varying from the now advisory United States Sentencing Guidelines at the sentencing hearing as well as in its judgment and commitment order entered in this action, this sentencing memorandum memorializes the considerations made by this Court in sentencing Mr. Morgan.

---

[1] This Court did not vary from the Guidelines with regard to defendant's conviction under Count Thirteen, possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

## II. Guideline Calculation and Sentence

At Mr. Morgan's sentencing hearing, this Court calculated the defendant's sentence pursuant to the now advisory Guidelines as required by Fourth Circuit law. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Thus, this Court calculated the defendant's total offense level for Counts One, Two, Three and Five, which all involved the distribution of cocaine and cocaine base, as a single group pursuant to U.S.S.G. § 3D1.2(d), and found the total offense level to be 43. The total offense level was calculated from a base offense level of 39, plus four levels for the role in the offense under U.S.S.G. § 3B1.1(a) as a leader or organizer of more than five people or criminal activity that was otherwise extensive, plus two levels for the role in the offense under U.S.S.G. § 3B1.4 for utilizing a juvenile in the distribution, plus two levels for obstruction of justice under U.S.S.G. § 3C1. While the offense level totaled 47, this Court treated the defendant's offense level as a level 43 pursuant to United States Sentencing Guideline Chapter 5, part A, Application Note 2.

Count Thirteen had no base offense level, but rather a statutory minimum of ten years to run consecutively to the drug offense sentence. U.S.S.G. § 2K2.4(b).

This Court then found that the defendant's criminal history category is a VI based upon 12 points, plus two additional points

pursuant to U.S.S.G. § 4A1 because the subject offenses were committed within two years following release from custody.

Next, this Court calculated the defendant's Guideline sentence for Counts One, Two, Three and Five to be life imprisonment. In addition, this Court calculated an additional ten years imprisonment to run consecutively based on Count Thirteen.

After calculating the Guideline sentence, this Court imposed a sentence of 360 months on the drug offenses rather than life imprisonment. In effect, this Court varied from the Guideline range by a sentence that was one level below the calculated range under the Guidelines. In other words, this Court varied from a level 43, calling for life imprisonment, to level 42, with a range of 360-months to life imprisonment. This Court then sentenced the defendant to 360 months, the low end of that range. This Court did not vary on Mr. Morgan's mandatory ten years imprisonment for Count Thirteen, and sentenced the defendant to an additional ten years to run consecutively.

III. Analysis for Variance

Although the United States Sentencing Guidelines are no longer mandatory, United States v. Booker, 543 U.S. 220 (2005), subsequent Fourth Circuit precedent has made it clear that a sentencing court must still consult the Guidelines and take them into account when sentencing. See Hughes, 401 F.3d at 547. Once the Guideline sentence has been determined, the Court must consider

that sentencing range along with the other sentencing factors described in 18 U.S.C. § 3553(a) before imposing sentence. Id. If the sentence falls outside the Guidelines range, the Court shall explain its reasons for a variance or a departure as required under 18 U.S.C. § 3553(c)(2). Hughes at 547.

This Court has determined that a departure does not lie under the traditional departure rules set forth in Chapter 5 or other provisions of the Guidelines, nor has there been any suggestion or argument to that effect by the defendant. See United States v. Moreland, 437 F.3d 424 (4th Cir. 2006), and United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

However, this Court did find that a variance was warranted with regard to the drug convictions pursuant to the statutory sentencing factors under 18 U.S.C. § 3553. In explaining its decision, the Court need not discuss each statutory sentencing factor as in a checklist, but rather it is sufficient to calculate the Sentencing Guideline range accurately and then, if the sentence lies outside of it, explain why the defendant deserves either more or less of a sentence. In other words, as the Fourth Circuit stated in United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006), the sentencing court needs to explain why a sentence outside the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a).

Before this Court explained why it imposed a variance of 360 months as to the drug offenses in this action, it first explained the reasons why it was <u>not</u> imposing the sentence of 360 months. First, this Court did not impose the sentence at 360 months because it believed, as urged by defendant, that the 100 to 1 ratio between cocaine and cocaine base justified a variance. The Fourth Circuit has rejected that argument in <u>United States v. Eura</u>, 440 F.3d 625 (4th Cir. 2006).

Secondly, this Court did not grant a variance because, as argued by the defendant, there has been some kind of disparity among the co-defendants named in this indictment. While there has been a disparity, it has not been an unfair or prejudicial disparity. The other co-defendants were not equal partners in this criminal action and, under the Guidelines which considers their activity and their role, the sentences of the co-defendants do not necessarily need to equate with Mr. Morgan's sentence. Specifically, the co-defendants had criminal history categories far different from Mr. Morgan's criminal history, and they were involved in different ways with Mr. Morgan.

Finally, this Court did not grant a variance because, as argued by the defendant, a life sentence would be unconscionable, unconstitutional, a violation of the Eighth Amendment or any other constitutional provision.

Instead, this Court believes that the defendant's variance sentence addresses the statutory factors set forth in § 3553. First, this sentence addresses § 3553(a)(1) because it considers the nature and circumstances of the offense and the history and characteristics of the defendant. It changes in no way the criminal history category of the defendant, which is a level VI based upon 14 points and to which no objection has been raised. Nor does the variance seek to reduce the offense level to, for example, a level 37, as argued by the defendant, because to do so would be to, in effect, concede that the rulings that were made on some of the specific offense characteristics such as the defendant's role in the offense or his obstruction of justice as adopted by this Court were incorrect.

Next, this sentence satisfies § 3553(a)(2)(A). Specifically, this Court found that the 360-month sentence on the drug offenses would reflect the seriousness of the offense, promote respect for the law and provide just punishment. In addition to the 360-month sentence, this Court must also impose the consecutive statutory ten-year sentence for Count Thirteen. The defendant is presently age 33, according to the presentence report. One need not calculate the length of time the defendant faces with this sentence, nor reflect upon the statistical life expectancy for a male age 33 to make the case that this is a very long sentence. A sentence of this nature will still promote respect for the law and

provide just punishment and will do it better under the above sentencing factors than a life sentence.

Pursuant to § 3553(a)(2)(B), this Court found that the sentence of 360 months on the drug offense would afford adequate deterrence to criminal conduct because the sentence was substantial, as explained above, and would be regarded as such by the defendant and by anybody similarly situated or inclined.

Pursuant to § 3553(a)(2)(C), the sentence protects the public from further crimes of this defendant. Clearly, the defendant will not be committing drug crimes in the community for a substantial period of time. Even assuming an allowance for time served, the defendant will still be of an age upon his release where, in general, persons are not inclined to commit criminal acts of the type found in this case.

Pursuant to § 3553(a)(2)(D), this Court found that the sentence of 360 months will provide the defendant with needed educational or vocational training or correctional treatment. In this Court's view, a person with at least some prospect or hope for release will be more willing to be, if not a model prisoner, at least a prisoner capable of earning credit toward serving of sentence for satisfactory behavior pursuant to 18 U.S.C. § 3624(b). This Court believes that a sentence less than life imprisonment has the strong potential to lead the defendant to obtain training and counseling within the prison system. At the very least, the 360-

month sentence will provide a greater impetus than a life sentence, through which a defendant may feel there is no need for improvement, behavioral or educational, because in effect he has "nothing to lose." Accordingly, this Court believes that a 360-month sentence will serve as an incentive of a greater type than a life sentence.

As a final matter, this Court recognizes the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). First, this Court does not believe that this sentence creates a great disparity as the defendant is still sentenced within the imprisonment range of 360 months to life. Second, this Court finds that any disparity is warranted because the sentence imposed in this case squarely meets each of the sentencing factors listed in § 3553(a)(2) as stated above, and does so more effectively than a life sentence in this particular case.

For the reasons stated above, this Court has determined that a sentence variance was warranted with regard to the drug convictions, and therefore, sentenced the defendant accordingly. The judgment and commitment order relating to the defendant and reflecting this sentence has previously been entered by this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum and opinion to counsel of record herein and to the defendant.

DATED:    June 14, 2006

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE