IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL A. MORGAN,

        Petitioner,

v.                                                             Civil Action No. 5:08CV170
                                                              Criminal Action No. 5:05CR42-01
                                                                        (JUDGE STAMP)

UNITED STATES OF AMERICA,

        Respondent.

**REPORT AND RECOMMENDATION
THAT § 2255 MOTION BE DENIED AS UNTIMELY AND
MOTIONS FOR DISCOVERY AND TO APPOINT COUNSEL BE DENIED
AS MOOT**

**I. INTRODUCTION**

On November 18, 2008, *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

The Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 appeared to be untimely and the Court sent a Hill v. Braxton notice November 19, 2008. Petitioner responded to the notice with a pleading captioned Motion Pursuant to Rule 60(A) Oversight or Omission December 12, 2008. The Court directed the Government to answer on December 17, 2008. The Government filed its response February 19, 2008.

**II. FACTS**

**A.    Conviction and Sentence**

Petitioner and four others were indicted September 5, 2005 in a twelve count indictment charging offenses related to distribution of cocaine base. A superceding indictment was returned December 8, 2005, charging Petitioner with conspiracy to distribute in excess of 50 grams of cocaine base, two counts of aiding and abetting distribution of cocaine base within 1,000 feet of a protected

location, one count of distribution of cocaine base within 1,000 feet of a protected location, possession of a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm. The felon in possession charge was dismissed on February 2, 2006.

A jury convicted petitioner on February 2, 2006 on the remaining five counts. On June 1, 2006 Defendant was sentenced to 480 months imprisonment, 360 months on Counts 1, 2, 3, and 5, and 120 months consecutive on Count 13 of the superseding indictment.

**B.    Appeal**

Defendant appealed his convictions. The United States Court of Appeals affirmed the Judgment of the District Court February 6, 2007, effective February 28, 2007. Petitioner filed a petition for writ of certiorari in the United States Supreme Court which was denied June 4, 2007.[1] Apparently, petitioner filed a second petition for writ of certiorari which was denied January 7, 2008.[2]

**C.    Federal Habeas Corpus**

Petitioner contends he received ineffective assistance of counsel because trial counsel:

1.    failed to investigate or develop a defense by interviewing government witnesses or possible defense witnesses;

2.    failed to allow the defendant to testify at trial creating a conflict of interest;

3.    failed to consult with the defendant on the evidence of the government case to determine whether the defendant should plead guilty;

---

[1] Doc. No. 280, Ex. 2.

[2] Doc. No. 280, Ex. 4.

4.  failed to object upon the defendant's request to the exclusion of blacks on the jury panel;

5.  and appellate counsel was ineffective for not raising a meritious claim for review.

Petitioner contends his petition is timely because his writ of certiorari was not denied until January 7, 2008 and his petition was filed within one year - specifically, November 18, 2008.

The Government contends petitioner did not receive ineffective assistance of counsel.

The Government contends that petitioner's petition is untimely because it was filed November 18, 2008, more than one year after the denial of petitioner's first petition for writ of certiorari on June 4, 2007.

**D.  Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket as untimely.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion, 28 U.S.C. § 2255.[3]

The limitation period shall run from the last of:

1.  The date on which the judgment of conviction becomes final;

2.  The date on which the impediment to making a motion created by governmental

---

[3] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

      action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.       The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[4]; or

4.       The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In his § 2255 motion, the petitioner maintains that his motion is timely under AEDPA because he filed his petition within one (1) year of the date his second petition for writ of certiorari was denied. In this regard, the petitioner is clearly wrong.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001).

The Supreme Court denied petitioner's first petition for writ of certiorari on June 7, 2008. Petitioner's conviction became final June 7, 2008. Petitioner's claim that his conviction did not become final until the denial of his second petition for writ of certiorari is mistaken. The United States Court of Appeals for the Fourth Circuit addressed a similar situation in United States v.

---

[4] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, (2005).

Segers, 271 F.3d 181 (4th Cir. 2001). In that case, petitioner alleged that his conviction was not final until the Supreme Court denied his petition for rehearing of the denial of his petition for certiorari. The Fourth Circuit held that in the absence of a suspension order by the Supreme Court or a justice thereof, the judgment of conviction of a prisoner who has petitioned for certiorari becomes final for the one (1) year period of limitation in § 2255 when the Supreme Court denies certiorari. Id. @ 186.

The Supreme Court first denied certiorari June 4, 2007 and petitioner's conviction became final that day. The one (1) year period of limitation expired June 4, 2008. Petitioner did not file his petition until November 18, 2008. Petitioner's petition is untimely.

### IV.     Recommendation

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the docket because the petitioner is time-barred from raising his claim since his petition was filed over one year after his conviction became final.

### V.     Decision

Petitioner's Motions for Discovery and to Appoint Counsel are **DENIED AS MOOT**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140

(1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, and counsel of records, as applicable.

DATED: March 2, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE