IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL A. MORGAN,

    Petitioner,

v.                                      Civil Action No. 5:08CV170
                                   (Criminal Action No. 5:05CR42-01)

UNITED STATES OF AMERICA,                        (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se[1] petitioner in the above-styled civil action filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 based upon ineffective assistance of counsel. The motion appeared to be untimely and the Court sent a Hill v. Braxton notice on November 19, 2008. The petitioner responded to the notice with a pleading captioned "The Defendant's Motion Pursuant to Federal Rules of Civil Procedure Rule 60(A) Oversight or Omission by the Honorable United States Magistrate Judge James E. Seibert" on December 11, 2008. In this motion, the petitioner argued that his § 2255 motion was timely because the writ of certiorari was denied on January 7, 2008. The government filed a response to the pleading on February 19, 2008.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary, 1341 (9th ed. 2009).

This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation 83.15. On March 2, 2009, Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 motion be denied and dismissed because it is untimely. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(c), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner then filed both a motion for evidentiary hearing and a motion for appointment of counsel on March 6, 2009.

After the time for filing objections had passed, the petitioner filed a motion for leave to file a motion for extension of time to respond to the magistrate judge's report and recommendation. Without waiting for an order by this Court, the petitioner filed objections on May 1, 2009. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety and that the petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate convictions and sentences based upon ineffective assistance of counsel be denied and dismissed from the docket.

## II. Facts

The petitioner and four others were indicted on September 5, 2005 in a twelve-count indictment charging offenses related to the

2

distribution of cocaine base. A superceding indictment was returned December 8, 2005, charging the petitioner with conspiracy to distribute in excess of fifty (50) grams of cocaine base, two counts of aiding and abetting distribution of cocaine base within 1,000 feet of a protected location, one count of distribution of cocaine base within 1,000 feet of a protected location, possession of a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm. The felon in possession charge was dismissed on February 2, 2006. A jury convicted the petitioner on the remaining five counts, and on June 1, 2006, the petitioner was sentenced to 480 months imprisonment.

The petitioner appealed his convictions and the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court on February 6, 2007. The petitioner then filed a petition for writ of certiorari in the United States Supreme Court, which was denied on June 4, 2007. A second petition for writ of certiorari was denied on January 7, 2008.

In his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, the petitioner contends that he received ineffective assistance of counsel because trial counsel: (1) failed to investigate or develop a defense by interviewing witnesses or possible defense witnesses; (2) failed to allow the petitioner to testify at trial, creating a conflict of interest; (3) failed to consult with the petitioner on the evidence of the government's case to determine whether the petitioner should plead

3

guilty; and (4) failed to object upon the petitioner's request to the exclusion of African-Americans on the jury panel. (Pet'r's Mot. 1.) Additionally, the petitioner alleges that appellate counsel was ineffective for not raising a meritorious claim for review. Id. at 2.

The government argues that the petitioner did not receive ineffective assistance of counsel. Further, the government states that the petitioner's petition is untimely because it was filed on November 18, 2008, more than one year after the denial of the petitioner's first petition for writ of certiorari on June 4, 2007. (Gov't's Resp. 11.)

III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, even though they were untimely, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

### A. Timeliness

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, there is a one-year limitation period within which any federal habeas corpus motion must be filed:

The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In his § 2255 motion, the petitioner maintains that his motion is timely under AEDPA because he filed his petition within one year of the date his second petition for writ of certiorari was denied. However, the petitioner's claim that his conviction did not become final until the denial of his second petition for writ of certiorari is mistaken.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1098 n.1 (11th Cir. 2000). There are two recognized

5

exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001).

The United States Supreme Court denied the petitioner's first petition for writ of certiorari on June 4, 2007, which means that the petitioner's conviction became final on that same date. The petitioner's counsel promptly notified the petitioner of the denial. (Brown Letter of June 20, 2007.) The one year period of limitation expired on June 4, 2008. Because the petitioner did not file his petition until November 18, 2008, his petition is untimely. See United States v. Segers, 271 F.3d 181, 186 (4th Cir. 2001) (holding that in the absence of a suspension order by the United States Supreme Court or a justice thereof, the judgment of conviction of a prisoner who has petitioned for certiorari becomes final for the one year period of limitation in § 2255 when the Supreme Court denied certiorari).

The petitioner has presented no evidence regarding any newly-discovered fact that would justify equitable tolling. "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be

unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. The petitioner claims that he was not at fault for his delay in filing his § 2255 petition. (Pet'r's Objections 2.) According to the petitioner, he was unaware that his appellate counsel filed a second writ of certiorari after he had filed the first writ of certiorari. Id. However, the petitioner's stated reason for failing to timely file his motion will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (holding that neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling). Even if the petitioner was unaware of the filing of the second writ of certiorari, that does not change the fact that the period of limitation expired on his first petition on June 4, 2008. Additionally, even if counsel had not notified the petitioner of the denial of the writ of certiorari, failure to inform the petitioner of the denial of certiorari does not amount to ineffective assistance of counsel. See Jackson v. U.S., 319 F.Supp. 2d 672, 677 (E.D.Va. 2004). The petitioner has failed to allege facts in support of his argument

7

for equitable tolling. Accordingly, this Court finds that the petitioner's motion is untimely filed.

B. Ineffective Assistance of Counsel

Even if the petitioner's motion was timely, this Court finds that he is not entitled to relief because he has failed to satisfy the two-pronged analysis provided by Strickland v. Washington, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). This Court will address each of the petitioner's arguments regarding ineffective assistance of counsel in turn.

1. Claim One

The petitioner alleges that trial counsel failed to investigate or develop a defense by interviewing government witnesses or possible defense witnesses. Specifically, the petitioner contends that his counsel failed to investigate Floyd Lester, a government witness. The petitioner argues that an investigation would have likely yielded exculpatory evidence that Lester was part of the conspiracy.[2] (Pet'r's Mot. 4-5.)

In its response to the petitioner's motion, the government argues that Mr. Lester was an unindicted co-conspirator whom the

---

[2]The petitioner never alleged what exculpatory evidence could be obtained from an investigation of Lester.

United States never intended to be a witness. (Gov't's Resp. 13.) Further, the United States claims that even if the petitioner's counsel had found Floyd Lester, it is unlikely that any evidence would have been exculpatory as to the defendant. Id. Lester's involvement in the conspiracy was testified about at trial--he was one of several individuals who transported drugs between Columbus, Ohio and Wheeling, West Virginia at the petitioner's direction (Trial Tr. 242, Feb. 1, 2006.) Given this information, the government argues it is likely that an in-depth investigation of Lester would have further inculpated the petitioner.

The Fourth Circuit has held that "Strickland's objective reasonableness prong requires counsel to conduct appropriate factual and legal inquiries and to allow adequate time for trial preparation and development of defense strategies." Huffington v. Nuth, 140 F.3d 572, 580 (4th Cir. 1998). While "a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance." Id. (quoting Gray v. Lucas, 677 F.2d 1086, 1093 n.5 (5th Cir. 1982)). Further, under Strickland, the decision of whether to call a witness at trial is one of trial strategy which is presumed to have been "sound." Strickland, 466 U.S. at 689. In this case, failure to investigate Floyd Lester does not amount to ineffective assistance of counsel.

As to the petitioner's assertion of lack of substantive discourse regarding witnesses in his case, the government offered the affidavit of the petitioner's trial counsel, which avers that he met with the petitioner for a total of twenty-eight hours from January 4, 2006 through January 29, 2006. (Brown Aff. 1.) During these meetings, the petitioner and counsel discussed the list of government witnesses and possible defense witnesses. Id. A review of the trial transcript reveals counsel's extensive review and knowledge of the witnesses, as well as cross-examinations that were consistent with the closing argument strategy. Id. The petitioner has failed to show that counsel's performance was deficient and the petitioner cannot demonstrate that counsel's performance prejudiced his defense in any way. The petitioner has made no showing of what exculpatory evidence existed and has failed to allege anything that would likely have affected the result. Therefore, the petitioner has failed to satisfy the <u>Strickland</u> test.

2. <u>Claim Two</u>

The petitioner also claims that trial counsel was ineffective by failing to allow him to testify at trial. A defendant in a criminal trial has a constitutional right to testify on his own behalf. See <u>Rock v. Arizona</u>, 483 U.S. 44, 51-53 (1987). Although, "it is the defendant who retains the ultimate authority to decide whether or not to testify," <u>United States v. McMeans</u>, 927 F.2d 162, 163 (4th Cir. 1991), it is the attorney's obligation to ensure that the defendant is informed of the right to testify. See <u>Sexton v.</u>

French, 163 F.3d 874, 882 (4th Cir. 1998). In this case, both the affidavit of the petitioner's counsel and the trial transcript reveal that the petitioner's counsel properly advised the petitioner of his right to testify and that the petitioner elected not to testify. (Brown Aff. 2; Trial Tr. 504, Feb. 2, 2006.) Merely suggesting that counsel's alleged refusal to allow him to testify may conceivably have had an effect on the trial's outcome is insufficient. See Strickland, 466 U.S. at 693-94. Thus, an evaluation under the two-prong Strickland test leads this Court to conclude that the petitioner has failed to show prejudice resulting from the alleged deficient performance of his attorney.

    3.    Claim Three

The petitioner argues that trial counsel failed to consult with him regarding evidence in the case in order to determine whether or not he should plead guilty. (Pet'r's Mot. 8.) In support of this argument, the petitioner renews his complaints that counsel failed to investigate the government's witnesses and failed to confer with him as to whether he should plead guilty. According to the petitioner, his counsel was inhibited by a conflict of interest because his trial counsel was also his appellate counsel. (Pet'r's Mot. 10.) The government counters that counsel appointed by the Court to handle the petitioner's appeal fulfilled those responsibilities properly and effectively. (Gov't's Resp. 17.) The government also argues that the record reveals that the petitioner was well aware of the strength of the government's case

against him and that both of his appointed counsel advised him accordingly about a plea.[3]

In order to prevail, the petitioner must establish that he was prejudiced by counsel's errors. In the plea context, this means that the petitioner must demonstrate that there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted instead on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). In this case, the petitioner's counsel avers that he "repeatedly consulted with [the petitioner] and discussed with him the government's evidence in the case, including the witnesses who would be testifying, the hours of video surveillance . . . and the physical evidence from the controlled buys." (Brown Aff. 2.) Despite his awareness of the strength of the government's case, the petitioner made a personal decision to reject the plea agreement offers and proceed to trial. The petitioner has failed to show that his counsel erred.

4. Claim Four

The petitioner asserts that his counsel failed to object to the exclusion of African-Americans from the jury panel after the petitioner requested that his counsel do so. In response to the petitioner's concerns regarding the potential for an all-white

---

[3]The petitioner was initially appointed Patricia Kutsch as counsel and was later appointed Scott Brown after Ms. Kutsch was permitted to withdraw. The petitioner initially executed a plea agreement when represented by Ms. Kutsch, then elected not to follow through. It is clear from that action, as well as Mr. Brown's affidavit, that the petitioner had been completely advised as to advantages and disadvantages of a plea agreement and trial.

jury, his counsel informed him that he would be subject to the jury pool in the district where the alleged crimes were committed. (Brown Aff. 2.)  Counsel also informed the petitioner that an objection to the jury pool would be frivolous and baseless.  Id.

This district draws its jury pool from merged voter registration rolls and vehicle operators license lists.  The United States Court of Appeals for the Fourth Circuit has held that a jury pool drawn solely from voter registration lists is not constitutionally invalid, even if minorities are underrepresented on the lists, as long as there is not affirmative discrimination in voter registration.  United States v. Cecil, 836 F.2d 1431, 1448 (4th Cir. 1988).  Because the venires in this district draw from a broader set of lists than the voter registration rolls approved in Cecil, the jury selection process in this district is not constitutionally infirm.

In this case, the petitioner has failed to show that the jury selection process and the district plan, already approved by the United States Court of Appeals for the Fourth Circuit, systematically excludes a distinctive group of people.  Counsel for the petitioner is not obligated to object--as an officer of this Court, he is responsible for raising non-frivolous motions.  As there was no systematic exclusion of African-American jurors, an objection to the jury pool would have been frivolous. Accordingly, the petitioner's argument fails.

5. <u>Claim Five</u>

Finally, the petitioner asserts that his counsel failed to raise a meritorious claim for review. (Pet'r's Mot. 12.) According to the petitioner, his counsel failed to understand the sentence that the petitioner could be subject to and underestimated the sentence. However, in a letter sent to the petitioner dated January 23, 2006, the petitioner's counsel discussed the case, the evidence against the petitioner, the application of the advisory guidelines, the current plea offer of the government, and his best guess as to what the outcome would be if he went to trial. (Gov't's Resp. Attach. to Ex. 3.)

Although the petitioner argues that his counsel failed to bring to the Court's attention factors that could have affected the range of the sentence that he was subject to at sentencing, in truth, the petitioner's counsel filed a sentencing memorandum highlighting the very factors that the petitioner claims he failed to argue for. These factors include: (1) the disparity of the Sentencing Guidelines with respect to powder cocaine and crack cocaine; (2) the disparity of the sentences received by the co-defendants in this case in relation to the sentence range the defendant was subject to; (3) that a life sentence does not meet the criteria in 18 U.S.C. § 3553; and (4) that the Sentencing Guidelines are advisory and the Court can depart from them if it wishes to do so. The petitioner was sentenced under the same Sentencing Guidelines that each defendant is subject to, and the

enhancements added to his offense level were based on acts that were committed by him. In fact, the Court did depart from the advisory guideline range and sentenced the petitioner at the low of an offense level 42. Given these facts, this Court has determined that the petitioner's argument for ineffective assistance of counsel must fail.

C. <u>Motion for Leave to File a Motion for Extension of Time to Respond to the Magistrate Judge's Report and Recommendation</u>

On April 28, 2009 the petitioner filed a motion for leave to file a motion for extension of time to respond to the magistrate judge's report and recommendation. In support of this motion, the petitioner stated that because he has very little knowledge of legal procedure, he requires more time to adequately respond to the magistrate judge's report and recommendation. Without waiting for an order from this Court, the petitioner filed objections to the report of the magistrate judge. In his objections, the petitioner argues that he was unaware that his appellate counsel had filed a writ of certiorari; therefore, the petitioner was unaware that the clock had started to run on the one year deadline to file a § 2255 motion. (Pet'r's Objections ¶ 2-3.)

This Court hereby GRANTS the petitioner's motion for leave to file a motion for extension of time to respond to the magistrate judge's report and recommendation; however, the ruling on this motion does not change this Court's decision regarding the report and recommendation of the magistrate judge.

D.  Motion for Evidentiary Hearing and Motion for Appointment of Counsel

After Magistrate Judge Seibert issued his report and recommendation, the petitioner also filed a motion for evidentiary hearing, as well as a motion for appointment of counsel. Both of these motions are hereby DENIED AS MOOT.

IV. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.

DATED: August 31, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE